IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DeFRANTZE LUCAS NOEL,

    Plaintiff,                      No. CIV S-07-2510 MCE DAD P

    vs.

DON MANNING, et al.,

    Defendants.          <u>ORDER</u>

                            /

          Plaintiff is an inmate at the Sacramento County Main Jail and is proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $2.29 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the
4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
5  full.  See 28 U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
11  U.S.C. § 1915A(b)(1) & (2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18  Cir. 1989); Franklin, 745 F.2d at 1227.

19        A claim should be dismissed for failure to state a claim upon which relief may be
20  granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the
21  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing
22  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651
23  F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
24  accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
25  425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
26  /////

to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff's difficult to decipher complaint consists of a twenty-five page narrative of events and over two hundred pages of exhibits. Therein plaintiff names as defendants twenty-two named individuals, in addition to the California Department of Corrections and Rehabilitation, the Sacramento County Public Defender's Office, the Bi-Valley Medical Clinic, the Sacramento County Main Jail dentist and medical staff. Several of the named defendants are Sacramento City police officers, Sacramento County Superior Court judges, and Sacramento County district attorneys. Plaintiff does not clearly identify his claims. Instead he merely provides the broad allegation that defendants have engaged in a conspiracy of "obstructing justice, harassing, retaliating, denying plaintiff access to the courts, showing their deliberate indifference to plaintiff's dental need, failing to discipline subordinate officers. . . ." (Compl., Attach. 3A at 22.) Plaintiff seeks the following relief: injunctive relief to prohibit "the court sanctioned protocol that permits the pro per coordinator from accepting or denying the pro per's instructions to the case investigator," declaratory relief, and monetary damages.[1]

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.

---

[1] Plaintiff has also requested that counsel be appointed "to assure that plaintiff's civil and constitutional rights are protected and properly addressed." (Compl. at 31.) This request appears in his prayer for relief. Plaintiff is advised that if he seeks the appointment of counsel to represent him in this lawsuit, he must file a proper motion. However, plaintiff should also be aware that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

3

1   The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
2   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
3   the defendants and must allege facts that support the elements of the claim plainly and succinctly.
4   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
5   with at least some degree of particularity overt acts which defendants engaged in that support his
6   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
7   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
8   amended complaint.

9   In his amended complaint, plaintiff must clearly identify each of his claims and
10  demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal
11  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The
12  amended complaint must allege in specific terms how each named defendant was involved in the
13  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is
14  some affirmative link or connection between a defendant's actions and the claimed deprivation.
15  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
16  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of
17  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673
18  F.2d 266, 268 (9th Cir. 1982).

19  Plaintiff is advised that for a conspiracy claim under § 1983, he must allege and
20  ultimately prove some deprivation of a constitutional right which resulted from the alleged
21  conspiracy.  See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989).
22  "A conspiracy occurs only when the parties have reached 'a unity of purpose or a common design
23  and understanding, or a meeting of minds in an unlawful arrangement.'"  William Inglis & Sons
24  Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir. 1981) (quoting
25  American Tobacco Co. v. United States, 328 U.S. 781, 809-10 (1946)).  Thus, a plaintiff must
26  show that there was an agreement by the defendants to violate his constitutional rights.  See

1 Woodrum, 866 at 1126; Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).  While it is not
2 necessary to prove that each participant in a conspiracy know the exact parameters of the plan,
3 they must at least share the general conspiratorial objective.  See Fonda, 707 F.2d at 438; see also
4 Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).  Vague and conclusory allegations with no
5 supporting factual averments or evidence will not withstand an adequately supported motion for
6 summary judgment.  Woodrum, 866 F.2d at 1126; Fonda, 707 F.2d at 438.

7       To support a claim of retaliation cognizable under § 1983, an inmate must allege
8 facts demonstrating that (1) law enforcement officials retaliated against him for exercising his
9 constitutional rights, and (2) the retaliatory action did not advance legitimate goals or is not
10 narrowly tailored to achieve those goals.  See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
11 1985).  An inmate must also establish that the protected conduct was a substantial or motivating
12 factor for the alleged retaliatory acts.  See Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274,
13 285-87 (1977).  Bare allegations are insufficient to avoid summary dismissal of a retaliation
14 claim.  See Rizzo, 778 F.2d at 532, n.4; see also Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.
15 1988).

16       Plaintiff has named defendants who have absolute immunity from lawsuits.  In
17 order to state a claim under §1983, a plaintiff must allege that: (1) defendant was acting under
18 color of state law at the time the act complained of was committed; and (2) defendant's conduct
19 deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the
20 United States.  Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds, Daniels v.
21 Williams, 474 U.S. 327 (1986).  For instance, public defenders do not act under color of state law
22 for purposes of § 1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Moreover,
23 prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge
24 activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman,
25 424 U.S. 409 (1976).  Finally, the U.S. Supreme Court has held that judges acting within the
26 /////

course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In light of the conclusions reached by the court as set forth above, plaintiff's February 26, 2008 request to submit a "supplemental filing in support of his original complaint and request for TRO," and his March 25, 2008 request to file a second "supplemental pleading in support of complaint and request for temporary restraining order," will be denied.  If plaintiff believes he has additional legal claims arising from the incidents in question, he may include them in the amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 12, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $2.29.  All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Sacramento County Jail filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

1 docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must
2 use the form complaint provided by the court; plaintiff shall not file exhibits or attachments to
3 his complaint; the amended complaint, including supplemental pages, shall not exceed twenty
4 pages; failure to file an amended complaint in accordance with this order will result in a
5 recommendation that this action be dismissed without prejudice.

6      5.  Plaintiff's February 26, 2008 and March 25, 2008 requests for leave to file
7 supplemental pleadings or exhibits are denied.

8      6.  The Clerk of the Court is directed to provide plaintiff with the court's form
9 complaint for a § 1983 action.

10 DATED: May 6, 2008.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
noel2510.14